**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **PORT OF SEATTLE et al.,**<br><br>**Plaintiff(s),**<br><br>**v.**<br><br>**TODD BLANCHE et al.,**<br><br>**Defendant(s).** | **Civil Action No. 2:26−cv−03301−BJR**<br><br>**STANDING ORDER FOR ALL CIVIL CASES** |

## PROCEDURES FOR ALL CIVIL CASES

This Order sets forth the procedures that govern all civil cases assigned to this Court. The procedures supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Washington. In the event there is an inconsistency between this Order and the Local Rules and/or the Federal Rules of Civil Procedure, the terms of this Order control. ***Failure to comply with the procedures set forth in this Order may result in sanctions.*** The terms of this Order shall have the force and effect of orders of the Court from this date forward. If the case was previously assigned to a different District Judge, these procedures replace those that previously controlled, but only as to submissions and hearings from this date forward.

## I. Communications with Chambers

Except as provided for in this Order, parties and counsel are discouraged from contacting chambers. *Ex parte* communications with Judge Rothstein or her law clerks involving any matter are strongly discouraged. Unless the other parties have consented to have one party contact the Court alone, all parties must be on the line or copied on the email when communicating with the Court.

Parties shall call or email DC Chambers at 202−354−3330 and Rothstein_Chambers@dcd.uscourts.gov if it is necessary to contact Judge Rothstein.

## II. Motions

### A. Structure, Page Limitations, Deadlines, and Typeface

A motion and the legal argument supporting the motion shall be filed as a single document. Motions shall not contain a table of cases or a table of authorities. Except for motions for summary judgment (*see* Section II(F) *infra*) and motions for reconsideration (*see* Section II(G) *infra*), all motions, oppositions, and objections shall not exceed **FIFTEEN (15) pages** (exclusive of the certificate of service). Replies shall not exceed **TEN (10) pages**, unless otherwise noted. Leave of the Court must be obtained to file a sur−reply.

Motions to exceed the page limitations will be granted only where the matter is one of extraordinary complexity.

**This Court DOES NOT USE the noting dates set forth in the Local Rules.** Instead, oppositions shall be filed no later than **TWENTY−ONE (21) days** after a motion is filed. A moving party's reply shall be filed no later than **FOURTEEN (14) days** after an opposition has been filed. These deadlines apply to all motions. Where there is a discrepancy between the local rules and these dates, these dates control.

Motions, oppositions, objections, replies, and sur−replies shall be double−spaced and filed in 12−point Times New Roman font, and shall contain page numbers and have margins of no less than 1 inch. Footnotes shall also be 12−point Times New Roman font but may be single−spaced. Submissions which do not comply with these instructions may be summarily denied or stricken.

### B. Courtesy Copies

The Court **DOES NOT ACCEPT** physical courtesy copies of any filings or submissions, including sealed documents. Do not deliver or mail paper copies of any documents to the Court.

In matters requiring that an administrative record be filed with the Court, parties must provide a copy of the record to the Court in an electronic format. No physical copy of the record shall be filed.

If an audio or video exhibit must be filed, the party shall contact the courtroom deputy, Natalie Wood, via email at natalie_wood@wawd.uscourts.gov for instructions on how to file it.

### C. Certification of Conferral

Except for dispositive motions, motions shall contain a certification that the parties have met and conferred. (*But see* Section II(F) *infra*, for conferral requirements as to motions to dismiss pursuant to Fed. R. Civ. P. 12(b).) The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion. Parties must make a meaningful effort to confer prior to filing a motion. Parties should provide for at least three (3) business days between attempts to confer and a motion's

filing and shall explain their specific efforts to comply if contact was not successfully made. Motions that do not comply may be summarily stricken or denied.

### D. Requests for Extensions of Time

Motions for extensions of time are discouraged and will be granted only where good cause is evident. Accordingly, parties should not expect the Court to grant extensions even if they are unopposed, absent the necessary showing. Press of business in other matters ordinarily does not evidence good cause.

Motions for extensions of time shall be filed at least **THREE (3) business days** in advance of the expiration of the relevant deadline. Any opposition must be filed within two (2) business days of the motion. Untimely motions or responsive briefing may be summarily denied or stricken.

### E. Requests to Reschedule Hearings

Motions to reschedule are discouraged because of their impact on the Court's calendar. If rescheduling is necessary, the motion shall be filed no later than **FIVE (5) business days** before the scheduled hearing. The motion shall contain alternative dates and times which are available for all parties. If the suggested dates and times are not available on the Court's calendar, the Court will select a date and time *sua sponte*.

### F. Dispositive Motions

A motion pursuant to Fed. R. Civ. P. 12(b) is discouraged if the defect can be cured by filing an amended pleading. **Therefore, the parties must meet and confer prior to filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) to determine whether it can be avoided**, and such motions must contain a certification of conferral as set forth above in Section II(C). In addition, parties shall endeavor not to oppose timely motions to amend.

A motion for summary judgment pursuant to Fed. R. Civ. P. 56, and oppositions thereto, shall not exceed **TWENTY−FOUR (24) pages** (exclusive of the certificate of service). Replies shall not exceed **TWELVE (12) pages**. Leave of the Court must be obtained to file a sur−reply. A motion for summary judgment may be filed at any time during the case prior to expiration of the dispositive motion deadline.

In a two−party case, if both parties intend to file summary judgment motions, counsel are to agree among themselves which party is to file the initial motion. After that motion has been filed, the other party shall file a cross−motion accompanied by a single memorandum (both opposing the first party's motion and in support of its own cross−motion), the first party shall then file an opposition/reply, and the second party may then file a reply. If more than two (2) parties intend to file motions in a multi−party case, counsel shall submit a proposed briefing schedule prior to filing a summary judgment motion.

### G. Motions for Reconsideration

Motions for reconsideration are discouraged. Motions that reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied.

Motions for reconsideration and oppositions thereto shall not exceed **TEN (10) pages** (excluding the certificate of service). Replies shall not exceed **FIVE (5) pages**.

### H. Hearings on Motions

Regardless of whether the parties request oral argument, the Court retains discretion to resolve a motion on the briefs. If the Court finds that oral argument is necessary, the Court will contact the parties for scheduling and other necessary arrangements. The parties shall be limited to twenty (20) minutes per side plus five (5) minutes for rebuttal unless otherwise ordered.

### I. Proposed Orders

The parties are required to email a Word version of a proposed order with all motions and stipulations to Rothsteinorders@wawd.uscourts.gov.

## III. Discovery Disputes

**No opposed discovery motions are to be filed with the Court until the parties meaningfully comply with Fed. R. Civ. P. 37(a)(1).** If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone or video conference with the Court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed. Noncompliant motions may be summarily denied or stricken.

To arrange such hearing, all counsel (not support staff) for the disputing parties shall send a joint email to Rothstein_Chambers@dcd.uscourts.gov with a short (maximum one paragraph) joint description of the dispute, as well as three dates and time ranges when the parties are available for a telephone or video conference. The parties' time ranges should specify Eastern Time or Pacific Time. Counsel shall not contact the Court until they have sufficiently narrowed the disputed issues to only those issues they cannot, without Court assistance, resolve themselves. Because the Court expects that the parties should contact it only as a last resort, counsel found to be unreasonably delaying discovery may be sanctioned.

Discovery disputes shall be raised in a timely manner to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

If the Court permits the filing of an opposed discovery motion, the motion shall contain a verbatim recitation of the discovery request and objection at issue or shall attach a copy of such. Again, if the Court must resolve the discovery dispute by motion, the losing party may be sanctioned.

Notice of these discovery procedures shall be provided to third parties that receive discovery requests from the parties. They, too, shall be expected to comply with these procedures.

Should the case be referred to a Magistrate Judge for discovery purposes, no opposed discovery motions shall be filed until the party has contacted the Magistrate Judge to be informed of his/her procedures for resolving discovery disputes.

## IV. <u>Rule 16(b) Initial Status Conference and Scheduling Order</u>

Unless specific circumstances require it, the Court will not hold a Fed. R. Civ. P. 16(b) Initial Status Conference. Instead, the Court will review the parties' combined Joint Status Report and Discovery Plan as required by FRCP 26(f) and Local Civil Rule 26(f) and issue a Scheduling Order as soon as practicable thereafter.

## V. <u>Settlement</u>

The parties shall evaluate the opportunity for settlement at the outset of the case regardless of whether the parties' obligation to meet and confer has been triggered. The parties are encouraged to advise the Court at the earliest possible time in the event they believe referral to mediation with a magistrate judge might enable settlement. Although the Court expects the parties to address settlement at the outset of the case, the parties have an ongoing obligation to explore possible settlement options. If the matter settles, in whole or in part, the parties shall promptly file a notice of settlement and advise the Court how much time is needed to file dismissal papers.

## VI. <u>Courtroom Procedures</u>

Counsel with authority to make all decisions on behalf of the parties shall be present at all Court appearances. Counsel and *pro se* parties shall observe appropriate courtroom decorum, including that they shall rise to address the Court and remain at the podium unless granted permission to approach the bench or a witness.

## VII. <u>Compliance</u>

A failure by any party to fully comply with this order may result in the imposition of sanctions.

**SO ORDERED.**

September 16, 2026

Barbara J. Rothstein

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE